UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANET VELEZ CONTRERAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2340-B |
| | § | |
| SFMC, INC., d/b/a SERVICE FIRST | § | |
| MORTGAGE; CITIMORTGAGE, | § | |
| INC.; MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS; and | § | |
| SHAPIRO SCHWARZ, LLP. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Remand (doc. 8), filed by Plaintiff Janet Velez Contreras on July 18, 2014. Defendants CitiMortgage, Inc. and Mortgage Electronic Registration Systems filed a Response (doc. 9) to Plaintiff's Motion on August 6, 2014. Because there is an improper joinder of the in-state Defendants, the Court **DENIES** Plaintiff's Motion to Remand.

## I.

## BACKGROUND

This case involves a dispute over the foreclosure sale of Plaintiff's property (the "Property"). On June 3, 2014, Plaintiff filed an action for declaratory relief and quiet title to her Property in the 382nd Judicial District Court of Rockwall County, Texas against SFMC, Inc., d/b/a/ Service First Mortgage ("SFMC"),[1] CitiMortgage, Inc. ("CMI"), Mortgage Electronic Registration Systems

---

[1] As SFMC has indicated in its Answer to Plaintiff's Quiet Title Complaint, Plaintiff incorrectly named the entity as SFMC, Inc., d/b/a Service First Mortgage, instead of referring to the entity's actual name,

- 1 -

("MERS"), and Shapiro Schwarz, LLP. Doc. 1-2, Quiet Title Compl. ("Compl."). Plaintiff sought a judicial declaration that Defendants did not have an interest in the Property, as well as a declaration that "Plaintiff owns the subject property and is entitled to the quiet and peaceful possession of the Property." *Id.* at 4. Plaintiff thus seeks to enjoin Defendants from "asserting any claims to the Property" or from foreclosing on it. *Id.*

A.  *Background Facts*

On or about December 29, 2003, Plaintiff borrowed $117,790.00 and secured her promise to repay the debt, with interest, against the Property located at 490 Geary Drive, Rockwall, Texas. Compl. ¶¶ 4, 11; Ex. B, Deed of Trust. The deed of trust ("Deed of Trust") provides that its original beneficiary is MERS, and it establishes that the original lender is SFMC. Deed of Trust 1. Plaintiff asserts that on January 24, 2014, a Removal of Trustee and Appointment of Substitute Trustee was recorded against the Property by Defendant CMI. Compl. ¶ 13. Plaintiff then alleges that on February 17, 2014, SFMC recorded the Deed of Trust in the Public Records of Rockwall County, but that the Public Records of Rockwall County do not reflect an assignment of the Deed of Trust to CMI. *Id.* at ¶¶ 11, 12. Plaintiff explains that CMI nonetheless recorded an Appointment of Substitute Trustee on April 20, 2014. *Id.* at ¶ 15; Ex. E, Removal of Trustee and Appointment of Substitute Trustee. Plaintiff further provides a copy of a letter she received from CMI's legal representatives, informing her that her debt is being accelerated and that a foreclosure sale of her Property is scheduled for March 4, 2014. *Id.* at ¶ 14; Ex. D, Letter from Buckley Madole, P.C. In sum, Plaintiff claims that she "is without knowledge as to who owns the loan and note," and thus

---

SFMC, LP, d/b/a Service First Mortgage Company. Doc. 1-6, Notice of Removal, Ex. 5, SFMC, LP's Answer 1.

has no "ability to negotiate either." *Id.* at ¶ 16. Accordingly, Plaintiff requests a declaratory judgment identifying the owner of the note and mortgage and asks the Court to enjoin Defendants from selling the Property unless they can submit the "original 'wet-ink' note." *Id.* at ¶ 20.

B.  *Procedural Facts*

On June 3, 2014, Plaintiff, appearing *pro se*, filed this suit for quiet title and declaratory relief in the 382nd Judicial District Court of Rockwall County, Texas. On June 27, 2014, CMI removed the case to federal court, alleging diversity of citizenship as the basis for this Court's jurisdiction. Doc. 1, Notice of Removal 2. Specifically, Defendants contend that two of the parties—Shapiro Schwartz, LLP and SFMC—are improperly joined and therefore should not be considered when determining whether the parties are of diverse citizenship. *Id.* at 3–4. Plaintiff filed the instant Motion to Remand on July 18, 2014, asserting that the jurisdictional requirements for removal have not been met, but neglecting to discuss whether the two parties in question have been properly joined. Doc. 8, Mot. to Remand. Defendants CMI and MERS ("Defendants")[2] filed their Response on August 6, 2014. Doc. 9, Defs.' Resp. The Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

A.  *Removal Based on Diversity Jurisdiction*

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They possess only the power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)

---

[2] The Court uses the term "Defendants" to refer to CMI and MERS, the Defendants who filed a response to Plaintiff's Motion to Remand.

(citations omitted); *see also McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery,* 243 F.3d at 916. In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. When a party removes a suit to federal court on diversity grounds under 28 U.S.C. § 1332, the removing party must demonstrate that each element of § 1332 is met. Furthermore, an action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (noting that any questions or ambiguities "should be strictly construed in favor of remand").

B.  *Improper Joinder*

Though diversity jurisdiction requires complete diversity of the parties, a case involving a non-diverse defendant may nevertheless be removed to federal court if it is established that the non-diverse defendant was improperly joined. *See Ridgeview Presbyterian Church v. Phila. Indem. Ins. Co.*, No. 3:13-CV-1818-B, 2013 WL 5477166, at *2 (N.D. Tex. Sept. 30, 2013) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). When the basis for removal to federal court is diversity, "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). If the party fails to meet this burden and joinder of the in-state party was in fact proper,

removal will be inappropriate and the federal court will not have subject matter jurisdiction. *Id.* at 575 ("The Supreme Court thus made clear that the burden on the removing party is to prove that the joinder of the in-state parties was improper . . . .").

To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573. As to this latter showing, a defendant only meets its burden by showing that there is no possibility that the plaintiff may recover against the non-diverse defendants under applicable law. *Id.* "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotations omitted). In other words, "if there is even a possibility that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (internal quotations omitted). Admittedly, this possibility must be reasonable and not merely theoretical. *Great Plains Trust*, 313 F.3d at 312.

C.     *Pro Se Litigants*

Prior to examining the issues before the Court, the Court notes that *pro se* litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam). However, parties who proceed *pro se* are often given more leeway than represented parties in correcting errors in pleadings and defects in service of process. *Roberts v. Orleans Parish Med. Staff*, 2002 WL 1022488, at *5 (E.D. La. 2002) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). Further, a court must liberally construe a *pro se*

complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Id.*

## III.

## ANALYSIS

Plaintiff moves to remand this case to state court on the ground that the parties are not completely diverse.[3] Defendants respond by asserting that the non-diverse Defendants, Shapiro Schwarz, LLP and SFMC, were improperly joined because Plaintiff (1) did not plead a cause of action against Shapiro Schwarz, LLP and (2) cannot establish, as a matter of law, a cause of action against SFMC. Accordingly, Defendants argue that neither the citizenship of Shapiro Schwartz, LLP nor that of SFMC should be considered when determining whether the parties are diverse for the purpose of removal. After setting aside these parties' citizenship, Defendants argue that diversity jurisdiction exists and that removal was therefore proper.

A.   *Improper Joinder and Sufficiency of Plaintiff's Pleadings*

Plaintiff argues that Defendants Shapiro Schwarz, LLP and SFMC are citizens of Texas, and that, because Plaintiff is also a Texas citizen, complete diversity does not exist in this case. Mot. to Remand 3–4. Defendants, however, contend that Shapiro Schwarz, LLP and SFMC were improperly joined parties and should therefore be disregarded when deciding issues pertaining to subject matter jurisdiction. Defs.' Resp. 2–3. For the reasons stated below, the Court finds that Shapiro Schwarz,

---

[3] The Court notes that Plaintiff's Motion to Remand offers little argument, and instead attempts to restate the legal standard used in determining whether removal is proper. Because Plaintiff does not articulate clear grounds for remand, and because Defendants do identify specific reasons why removal is proper, the Court organizes its analysis in accordance with the arguments presented by Defendants.

LLP and SFMC are improperly joined parties whose citizenship should not be considered when determining whether diversity exists between the parties.

The Fifth Circuit has recognized two ways a district court may decide whether a plaintiff has a reasonable basis for recovery under state law and thus properly joined a defendant. *Guillory v. PPG Indus. Inc.*, 434 F.3d 303, 309 (5th Cir. 2004) (citing *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)). First, the court may conduct a Rule 12(b)(6)-type analysis to determine whether the allegations of the plaintiff's complaint state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. In most cases, there will be no improper joinder if a plaintiff can survive such a challenge. *Id.* A district court may also, in its discretion, "pierce the pleadings" and consider summary judgment-type evidence to "determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (quoting *LeJeune*, 950 F.2d at 271). A summary judgment inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74. Even where summary judgment-type evidence is reviewed, unchallenged factual assertions must be considered in a light favorable to the plaintiff, and contested issues of fact and ambiguities in controlling state law must be resolved in the plaintiff's favor. *McKee*, 358 F.3d at 334. In this sense, the standard to be applied is more akin to a Rule 12(b)(6) standard than a Rule 56 standard. *Id.* Here, Defendants base their improper joinder argument on the ground that Plaintiff's claims against Shapiro Schwarz, LLP and SFMC cannot survive a Rule 12(b)(6)-type analysis, as they are not claims upon which

relief can be granted.[4]

        1.     <u>Improper Joinder of Shapiro Schwarz, LLP</u>

Defendants allege that Plaintiff improperly joined Shapiro Schwarz, LLP because she cannot establish a cause of action against it. Notice of Removal 3. Specifically, Defendants contend that "Plaintiff names Shapiro Schwarz, LLP as a defendant in the style of the case, but does not assert a claim against or allege any wrongdoing by Shapiro Schwarz, LLP." *Id.* In her Motion to Remand, Plaintiff does not address this issue and fails to clarify the basis for her claim against Shapiro Schwarz, LLP.

After examining Plaintiff's Quiet Title Complaint, the Court agrees with Defendants' argument that Shapiro Schwarz, LLP was improperly joined and should not be considered when determining whether the parties are of diverse citizenship. Plaintiff has not alleged a cause of action against Shapiro Schwarz, LLP. The sole mention of Shapiro Schwarz, LLP appears in the style of the case; Plaintiff neither references the party in her factual allegations nor does she state a claim against it in her request for relief. *See* Compl. 1–5. Moreover, Shapiro Schwarz, LLP is not listed in the section of the Complaint entitled "Parties," which otherwise describes the four other Defendants. *Id.* at 1–2. Given the absence of any allegation against Shapiro Schwarz, LLP, the Court concludes that Plaintiff does not assert a claim against it, and that the party was thus not properly joined. Consequently, the Texas citizenship of Shapiro Schwarz, LLP need not be considered when

---

[4] In articulating their argument for improper joinder, Defendants apply the federal pleading standard and explain that a party is improperly joined if a claim against it must fail under the federal Rule 12(b)(6) analysis. Plaintiff does not appear to oppose this standard. Therefore, the Court applies the federal pleading standard in evaluating whether the parties in question have been improperly joined. *See Smallwood*, 385 F.3d at 573 (applying the federal Rule 12(b)(6) standard); *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (same); *but see De La Hoya v. Coldwell Banker Mex. Inc.*, 125 F. App'x 533, 537–38 (5th Cir. 2005) (applying the Texas "fair notice" standard in an improper joinder case).

determining whether there is diversity of citizenship between the parties.[5]

### 2. Improper Joinder of SFMC

Defendants allege that the original lender, SFMC, was improperly joined and that its citizenship should be disregarded when determining whether diversity of citizenship exists because Plaintiff fails to state a viable claim against it. Notice of Removal 4. As Defendants note, Plaintiff's claim against SFMC appears to be that "there is no Assignment of Deed of Trust in the Public Records of Rockwall County, Texas." *Id.* (quoting Compl. ¶ 12). Thus, she claims that there is no evidence that the Note and Deed of Trust were properly assigned by MERS to CMI prior to SFMC's recording of the Deed of Trust in the Public Records of Rockwall County on February 17, 2014. Compl. ¶¶ 11, 12. By demanding that Defendants present the "original 'wet-ink' note" so that the parties' interests in the Property can be ascertained, and by claiming that she "is without knowledge as to who owns the loan and note," Plaintiff is effectively raising a "show-me-the-note" theory as a defense to the Property's foreclosure. *See* Compl. ¶¶ 16, 19, 20.

Defendants challenge Plaintiff's claims that the Deed of Trust was not properly assigned to CMI and that there is no support for Defendants' right to foreclose on the Property. Notice of Removal 4. While homeowners may have standing to challenge the authority of mortgagees or mortgage servicers to foreclose based on improper chain of title, the homeowner must challenge the assignment on grounds that would render it void or invalid. *Miller v. Homecomings Financial, LLC*,

---

[5] In their Response, Defendants speculate that the only reason for Shapiro Schwarz, LLP's inclusion in the lawsuit is its rendering of legal services in connection with the foreclosure proceedings. Defs.' Resp. 3–4. Defendants claim, however, that such a suit would be barred as a matter of law. *Id.* Plaintiff offers no reply to this conjecture and nowhere indicates that this may be the basis of her claim against Shapiro Schwartz. Because the Court finds that no claim against Shapiro Schwartz, LLP was alleged, it does not consider Defendant's speculation regarding the possible basis of Plaintiff's claim.

881 F. Supp. 2d 825, 830 (S.D. Tex. 2012).

Here, Plaintiff does not allege that the assignment of the Deed of Trust is void or invalid, but rather asserts that "there is no Assignment of Deed of Trust in the Public Records of Rockwall County, Texas." Compl. ¶ 12. This allegation is conclusory and does not support a reasonable inference that Defendants lacked the right to foreclose on the Property or that any assignment was void or invalid. Furthermore, as part of their Notice of Removal, Defendants present documents indicating that MERS, as nominee for SFMC, assigned its interest in the Deed of Trust to CMI in a document titled "Corporate Assignment of Deed of Trust," recorded on October 24, 2012. Doc. 1-8, Notice of Removal, Ex. 7, Corporate Assignment of Deed of Trust. Defendants further explain that as a public record, the Court can take judicial notice of its contents. *Norris v. Hearts Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"). Accordingly, to the extent Plaintiff bases her claim on the allegation that there is no assignment of record and that Defendants have not produced evidence to verify all transfers and assignments, the claim fails as a matter of law.

The Court next considers the merits of Plaintiff's "show-me-the-note" theory of liability, particularly as it applies against Defendant SFMC. The Fifth Circuit has rejected the "show-me-the-note" theory, which posits that "only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) (quoting *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011)). This theory has been held to be without merit because, under Texas law, "promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, the note against the borrower and the lien against the real

property." *Jones v. Deutsche Bank Nat. Trust Co.*, No. 3:12-CV-3929-L, 2013 WL 3455716, at *8 (N.D. Tex. July 9, 2013) (quotations omitted). If a lender wishes to secure a personal judgment against a borrower, it will usually be required to produce the original note in order to show it is a holder, but if it seeks to foreclose, it need not do so because "foreclosure is an independent action against the collateral that enforces the deed of trust, not the underlying note." *Id.* (citations omitted); *Martins*, 722 F.3d at 254 ("The original, signed note need not be produced in order to foreclose.").

The Texas Property Code permits mortgagees and mortgage servicers to "conduct a nonjudicial foreclosure sale 'under a power of sale conferred by a deed of trust or other contract lien.'" *Asonibe v. Flagstar Bank, FSB*, No. 3:12-CV-2113-M-BH, 2013 WL 1828842, at *6 (N.D. Tex. Apr. 5, 2013) *report and recommendation adopted by* No. 3:12-CV-2113-M-BH, 2013 WL 1831747 (N.D. Tex. Apr. 30, 2013) (citing Tex. Prop. Code § 51.002). A "mortgagee" includes "the grantee, beneficiary, owner, or holder of a security instrument" or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.001(4)(A), (C). As a result, courts have repeatedly held that a mortgagee does not need to produce proof of the original note before conducting a nonjudicial foreclosure sale. *Asonibe*, 2013 WL 1828842, at *6.

Because the Deed of Trust named MERS as the beneficiary and nominee of SFMC, the assignment of the Deed of Trust to CMI also transferred all of the rights contained in the Deed of Trust, including the right to foreclose on the Property. *See Jones*, 2013 WL 3455716, at *8; *Asonibe*, 2013 WL 1828842, at *6; *See* Deed of Trust 1; Notice of Removal, Ex. 7, Corporate Assignment of Deed of Trust. Thus, CMI could properly foreclose on the Property without having to produce the

original note. Plaintiff's claims for injunctive and declaratory relief, to the extent that they are based on Defendants' failure to produce the original note, therefore fail to state a claim upon which relief may be granted and are insufficient to join SFMC as a Defendant in this matter.

Based on the foregoing, the Court finds that Plaintiff's claims against SFMC are without merit and accordingly finds that SFMC was improperly joined. Consequently, the Texas citizenship of SFMC need not be considered when determining whether there is diversity of citizenship between the parties.[6]

B.   *Diversity Jurisdiction*

Having determined that Defendants Shapiro Schwartz, LLP and SFMC were improperly joined and should thus be excluded when determining whether diversity jurisdiction exists, the Court examines the citizenship and other jurisdictional requirements of the remaining parties.

1.   Citizenship of the Parties

The parties do not dispute that the citizenship of the properly joined parties renders them diverse for jurisdictional purposes. Defendant CMI is a New York corporation whose principal place of business is located in Missouri, and is thus a citizen of New York and Missouri. 28 U.S.C. § 1332(c)(1); Notice of Removal 2. Defendant MERS is a foreign corporation, organized under the laws of the state of Delaware, with its principal place of business located in Virginia, and is therefore

---

[6] Defendants also assert that Plaintiff cannot state a claim against SFMC because she incorrectly named the entity in her Quiet Title Complaint. Notice of Removal 3–4. Plaintiff identified the party originating her loan as SFMC, Inc., d/b/a Service First Mortgage, instead of referring to the entity's actual name, SFMC, LP, d/b/a Service First Mortgage Company. *Id.* at 4. Although SFMC indicated this discrepancy in its Answer, filed on June 11, 2014, Plaintiff neglected to amend her Complaint to reflect the party's correct name. Doc. 1-6, Notice of Removal, Ex. 5, SFMC, LP's Answer 1. In light of Plaintiff's *pro se* status, which requires the Court to construe her claims liberally, this argument is insufficient to demonstrate that SFMC was improperly joined. Nonetheless, the Court has already concluded that Plaintiff's pleadings against SFMC are insufficient under Rule 12(b)(6), thus demonstrating that the party was improperly joined.

a citizen of Delaware and Virginia. *Id.* Plaintiff is a citizen of Texas and does not dispute the citizenship of the remaining parties. Compl. 1; *see also* Mot. to Remand. Accordingly, the properly joined parties are of diverse citizenship.

### 2. Amount in Controversy

The parties disagree as to whether the amount in controversy satisfies the jurisdictional requirement of $75,000. In her Motion to Remand, Plaintiff explains that she "never specified a dollar amount" as part of her claim, but only sought the removal of any clouds on the title to her property. Mot. to Remand 4. She does not, however, assert that the amount in controversy is less than $75,000 or otherwise identify the amount she seeks. In their Notice of Removal, Defendants explain that the amount in controversy exceeds the jurisdictional requirement, as it is determined by the value of the Property that is the subject of the litigation, which was appraised at $223,870 in 2014. Notice of Removal 6, Ex. 8.

The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In determining whether the amount in controversy requirement is satisfied, the Court looks first to whether the plaintiff alleges a specific amount of damages in the petition. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Where the plaintiff has in good faith alleged a sum certain that exceeds the requisite amount in controversy, that amount controls. *De Aguilar v. Boeing Co.*, 47 F.3d 1401, 1408 (5th Cir. 1995). The court will only dismiss such a claim for lack of jurisdiction if it appears to a legal certainty that the claim is actually for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Where, on the other hand, the plaintiff does not allege a particular sum in damages, the

removing party must prove by a preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum. *De Aguilar*, 47 F.3d at 1412; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In making this determination, the Court must first assess whether it is "facially apparent" from the plaintiff's operative complaint, filed in state court, that damage claims exceed $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen*, 63 F.3d at 1335. If it is not facially apparent that the claims exceed $75,000, the removing party may provide "summary judgment-type" evidence to demonstrate that the claims exceed the necessary amount in controversy. *Id.* If a defendant meets its burden of establishing the jurisdictional amount, then the plaintiff must show that as a matter of law it is certain its claims actually amount to less than $75,000, usually by either submitting a binding stipulation or affidavit. *De Aguilar*, 47 F.3d at 1412.

In cases where equitable or injunctive relief is sought, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Moreover, "[w]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961). In the case of suits seeking to prevent or rescind the foreclosure of property, the Fifth Circuit has held that the amount in controversy is the value of the property that is the object of the litigation. *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013); *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1047–48 (W.D. Tex. 2010). Specifically, the value of declaratory and injunctive relief in such a context is the current appraised fair market value of the property, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title and interest to the Property." *Berry v. Chase Home Fin., LLC*, No. C-09-

Case 3:14-cv-02340-B Document 12 Filed 01/06/15 Page 15 of 16 PageID 181

116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009).

Here, Plaintiff asserts no amount in controversy, but seeks a judicial declaration that Defendants have no interest in the Property, as well as a declaration that "Plaintiff owns the subject property and is entitled to the quiet and peaceful possession of the Property." Compl. 4. Plaintiff thus attempts to enjoin Defendants from conducting a foreclosure sale of the Property or "asserting any claims to [it]." *Id.* Accordingly, the value of the Property in question determines the amount in controversy. Though Plaintiff does not specify the Property's value, Defendants, in their Notice of Removal, provide a record of the Rockwall County Tax Assessor, which demonstrates that the appraised value of the Property in 2014 was $223,870, well over the jurisdictional amount. Notice of Removal, Ex. 8. Because the value of the Property exceeds $75,000, the amount in controversy requirements is satisfied.

Having concluded that the properly joined parties are diverse and that the amount in controversy exceeds the jurisdictional requirement, the Court finds that diversity jurisdiction exists and that removal was proper. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

## IV.

## CONCLUSION

For the reasons stated above, the parties Shapiro Schwarz, LLP and SFMC were improperly joined, and the remaining parties satisfy the requirements for diversity jurisdiction. Therefore, Plaintiff's Motion to Remand (doc. 8) is **DENIED**. It is thus **ORDERED** that Shapiro Schwarz, LLP and SFMC be **DISMISSED** from this lawsuit, as no viable claims remain against them. Accordingly, the Motion to Dismiss (doc. 11) filed by Shapiro Schwarz, LLP is declared **MOOT**.

SO ORDERED.

Dated: January 6, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE