## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JANET VELEZ CONTRERAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2340-B |
| | § | |
| SFMC, INC., d/b/a SERVICE FIRST | § | |
| MORTGAGE; CITIMORTGAGE, | § | |
| INC.; MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS; and | § | |
| SHAPIRO SCHWARZ, LLP. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (doc. 5), filed by Defendants CitiMortgage, Inc. and

Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") on July 3, 2014.

Defendants seek the dismissal of Plaintiff Janet Velez Contreras' Quiet Title Complaint. For the

reasons stated below, Defendants' Motion is **GRANTED**.

## I.

## BACKGROUND[1]

A.    *Background Facts*

The facts of this case have previously been recounted in the Court's Memorandum Opinion

and Order Denying Plaintiff's Motion to Remand (doc. 12), dated January 6, 2015. To summarize,

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Quiet Title Complaint (doc. 1-2), as well as from the attachments and documents incorporated therein by reference. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

this case involves a dispute over the foreclosure sale of Plaintiff's property. On or about December 29, 2003, Plaintiff executed a note (the Note") in the amount of $117,790.00 for the purchase of real property located at 490 Geary Drive, Rockwall, Texas (the "Property"). Doc. 1-2, Quiet Title Complaint ("Compl.") ¶¶ 4, 11; Ex. B, Deed of Trust. The Note was secured by a deed of trust (the "Deed of Trust") naming Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee for SFMC, LP, d/b/a Service First Mortgage Company ("SFMC"), the original lender. Compl. Ex. B, Deed of Trust 1. Plaintiff indicates that on February 17, 2004, SFMC recorded the Deed of Trust in the Rockwall County public records, but that the assignment of the Deed of Trust from MERS to Defendant CitiMortgage, Inc. ("CMI") was not similarly recorded and was thus invalid. Compl. ¶¶ 11–12.[2] Plaintiff explains that CMI nonetheless recorded a Removal of Trustee and Appointment of Substitute Trustee against the Property on January 24, 2014 and an Appointment of Substitute Trustee on April 20, 2014. *Id.* at ¶¶ 13, 15; Ex. E, Removal of Trustee and Appointment of Substitute Trustee.

Subsequently, Plaintiff received a letter from CMI's legal representatives, informing her that her debt was being accelerated—presumably pursuant to her default on her loan obligations—and that a foreclosure sale of her Property was scheduled for March 4, 2014. Compl. ¶ 14; Ex. D, Letter from Buckley Madole, P.C. On June 3, 2014, based on these alleged facts, Plaintiff filed an action for declaratory relief and quiet title to her Property against CMI, MERS, SFMC, Inc., d/b/a/ Service

---

[2] In her Complaint, Plaintiff mistakenly asserts that the Deed of Trust was recorded on February 17, 20014. *See* Compl. ¶ 11. The Deed of Trust appended to the Complaint indicates, however, that it was recorded on February 17, 2004. *See* Compl. Ex. B, Deed of Trust.

First Mortgage,[3] and Shapiro Schwarz, LLP. *See* Compl. In this Quiet Title Complaint, Plaintiff requests a judicial declaration that Defendants do not have an interest in the Property, as well as a declaration that "Plaintiff owns the subject property and is entitled to [its] quiet and peaceful possession." *Id.* at ¶ 20. Plaintiff further seeks to enjoin Defendants from "asserting any claims to the Property" or from foreclosing on it unless they can submit the "original 'wet-ink' note." *Id.*

B.    *Procedural Facts*

On June 3, 2014, Plaintiff, appearing *pro se*, filed her Quiet Title Complaint in the 382nd Judicial District Court of Rockwall County, Texas. *See* Compl. On June 27, 2014, CMI removed the case to federal court, asserting diversity of citizenship as the basis for this Court's jurisdiction. Doc. 1, Notice of Removal 2. Plaintiff filed a Motion to Remand (doc. 8) on July 18, 2014, which the Court denied, holding that the parties SFMC and Shapiro Schwarz, LLP were improperly joined and that the remaining parties satisfied the requirements for diversity jurisdiction. *See* doc. 12. The Court therefore dismissed SFMC and Shapiro Schwarz, LLP from this lawsuit, as no viable claims were asserted against them. *See id.*[4] The remaining Defendants—CMI and MERS—filed the present Motion to Dismiss (doc. 5) on July 3, 2014, contending that the claims for relief in Plaintiff's Quiet Title Complaint are without merit. Plaintiff has failed to timely respond to the Motion or seek an extension of time to do so. Accordingly, the Motion is now ripe for the Court's review.

---

[3] As SFMC has indicated in its Answer to Plaintiff's Quiet Title Complaint, Plaintiff incorrectly named the entity as SFMC, Inc., d/b/a Service First Mortgage, instead of referring to the entity's actual name, SFMC, LP, d/b/a Service First Mortgage Company. Doc. 1-6, Notice of Removal, Ex. 5, SFMC, LP's Answer 1.

[4] Because the Court dismissed all claims against Shapiro Schwarz, LLP, recognizing that it was improperly joined, the Court also declared its Motion to Dismiss (doc. 11) moot. *See* doc. 12.

## II.

## LEGAL STANDARD

A.     *Rule 12(b)(6) Standard*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

- 4 -

B.      *Pro Se Litigants*

Prior to examining the issues before the Court, the Court notes that *pro se* litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam). However, parties who proceed *pro se* are often given more leeway than represented parties in correcting errors in pleadings and defects in service of process. *Roberts v. Orleans Parish Med. Staff*, 2002 WL 1022488, at *5 (E.D. La. 2002) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). Further, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Id.*

### III.

### ANALYSIS

Defendants seek the dismissal of Plaintiff's claims for: (1) quiet title to the Property; (2) declaratory judgment; and (3) injunctive relief. Doc. 5, Defendants' Motion to Dismiss ("Defs.' Mot.") 3. Defendants argue that all of Plaintiff's claims are based on an underlying "show-me-the-note" theory that is without merit. *Id.* The Court therefore evaluates each of Plaintiff's claims, in turn, below.

A.      *Claim for Quiet Title to the Property*

Plaintiff asks the Court to declare that she owns the Property and that Defendants have no interest in it. Compl. ¶ 20. She claims that she "is without knowledge as to who owns the loan and note," and she further demands that Defendants present the "original 'wet-ink' note" so that the parties' interests in the Property can be ascertained. *Id.* at ¶¶ 16, 19, 20. Plaintiff's quiet title claim

is thus based on the "show-me-the-note" theory, which she asserts as a defense to the Property's foreclosure. *See id.* Additionally, Plaintiff alleges that the Rockwall County Public Records contain no record of the assignment of the Deed of Trust by MERS to CMI, thus suggesting that CMI lacked the authority to foreclose on the Property. *Id.* at ¶ 11. Defendants seek the dismissal of Plaintiff's quiet title claim, arguing that the "show-me-the-note" theory on which it is based is without merit. Defs.' Mot. 3–4.

As this Court previously held in its January 6, 2015 Order Denying Plaintiff's Motion to Remand, the "show-me-the-note" theory, which presupposes that "only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure," has been rejected by the Fifth Circuit. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) (quoting *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011)); *see* doc. 12. The "show-me-the-note" theory of liability is untenable, as Texas law clearly provides that "promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, the note against the borrower and the lien against the real property." *Jones v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-CV-3929-L, 2013 WL 3455716, at *8 (N.D. Tex. July 9, 2013) (quotations omitted). Therefore, if a lender seeks to foreclose on property, it is not required to produce the original note to show it is a holder because "foreclosure is an independent action against the collateral that enforces the deed of trust, not the underlying note." *Id.* (citations omitted); *Martins*, 722 F.3d at 254 ("The original, signed note need not be produced in order to foreclose."). Therefore, Plaintiff's request for relief based on the "show-me-the-note" theory is without merit.

In response to Plaintiff's allegation that there is "no Assignment of Deed of Trust in the

Public Records," Defendants insist that there is such an assignment from MERS—the beneficiary of the Deed of Trust—to CMI, the entity that foreclosed on the Property. Compl. ¶ 12; Defs.' Mot. 4. Defendants explain that they previously submitted a copy of this assignment along with their Notice of Removal. Defs.' Mot. 4; doc. 1-8, Notice of Removal, Ex. 7, Corporate Assignment of Deed of Trust. They indicate that this assignment is a public record of which the Court can take judicial notice when deciding a motion to dismiss. Defs.' Mot. 4 (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

After reviewing Plaintiff's contentions with respect to the alleged lack of assignment of the Deed of Trust, the Court finds that they do not state a plausible claim for relief. The Deed of Trust, which Plaintiff appends to her Quiet Title Complaint, lists MERS as the beneficiary and nominee of SFMC, the original lender. Compl. Ex. B, Deed of Trust 1. Moreover, the assignment of the Deed of Trust from MERS to CMI, which was recorded in Rockwall County on October 24, 2012, establishes that MERS transferred its rights under the Deed of Trust, including the right to foreclose on the Property. *See Asonibe v. Flagstar Bank, FSB*, No. 3:12-CV-2113-M-BH, 2013 WL 1828842, at *6 (N.D. Tex. Apr. 5, 2013) *report and recommendation adopted by* No. 3:12-CV-2113-M-BH, 2013 WL 1831747 (N.D. Tex. Apr. 30, 2013) (finding that the Texas Property Code permits mortgagees and mortgage servicers to "conduct a nonjudicial foreclosure sale 'under a power of sale conferred by a deed of trust or other contract lien.'"); *see also* doc. 1-8, Notice of Removal, Ex. 7, Corporate Assignment of Deed of Trust. Therefore, CMI could properly foreclose on the Property. *Id.* Because the Court finds that MERS did in fact assign the Deed of Trust to CMI, and because CMI did not need to produce the note in order to foreclose on the Property, the Court concludes that Plaintiff's claims, to the extent they are based on the contentions listed above, are without merit.

Moreover, the Court is unable to discern any other allegations that sufficiently support a quiet title claim. In order to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000)). The plaintiff "must 'recover on the strength of his own title' rather than on the weakness of the defendant's." *Turner*, 514 F. App'x at 516 (quoting *Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 716 (5th Cir. 1951)). Thus, a plaintiff who seeks to recover title from a mortgagee who took title pursuant to a foreclosure sale must establish both (1) that the foreclosure was void or invalid and (2) that he or she tendered the full amount due on the mortgage loan. *See Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (citing *Willoughby v. Jones*, 251 S.W.2d 508, 510 (Tex. 1952)) (holding that "[t]ender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession of the property and claims title under a void foreclosure sale."); *see also Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 633 (5th Cir. 2013) (affirming dismissal of quiet title claim because plaintiff "neither contests the Deed of Trust's validity nor suggests that its own interest . . . is superior to the Deed of Trust.").

Here, Plaintiff makes a conclusory allegation that "she owns the subject property" and "is entitled to [its] quiet and peaceful possession." Compl. ¶ 20. However, Plaintiff does not challenge the validity of the Deed of Trust, but rather argues that its assignment from MERS to CMI is invalid. *Id.* at ¶ 12. As the Fifth Circuit has observed, such a dispute regarding the validity of the assignment of the Deed of Trust "merely questions whether [CMI] or MERS has authority to enforce the Deed

of Trust," but is insufficient to state a plausible quiet title claim. *Morlock, L.L.C.*, 586 F. App'x at 633. Based on the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's quiet title claim.

B.     *Declaratory Relief*

Plaintiff further requests that the Court determine "to whom the payments are due and owing" as well as "the true identity of the 'holder in due course.'" Compl. ¶ 20. A request for a declaratory judgment is remedial in nature and depends upon the assertion of other viable causes of action. *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 591 (N.D. Tex. 2013). Because the Court has found that Plaintiff's underlying quiet title claim is without merit, there are no viable causes of action to support her request for declaratory relief. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss this claim.

C.     *Injunctive Relief*

Lastly, Plaintiff demands that the Court "[e]njoin the Defendants from selling Plaintiff's property until and unless Defendants can submit . . . the original 'wet-ink' note." Compl. ¶ 20. To obtain injunctive relief, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to plaintiff outweighs any damage the injunction may cause to defendant; and (4) that the injunction will not disserve the public interest. *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). In light of the Court's finding that the allegations in Plaintiff's Quiet Title Complaint fail to state any plausible claim for relief, there is no substantial likelihood that she will succeed on the merits. Therefore, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's request for

injunctive relief.

## IV.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss (doc. 5) filed by Defendants CMI and MERS is **GRANTED**. Because the defects in Plaintiff's Quiet Title Complaint are incurable, the Court declines to afford Plaintiff the opportunity to correct its pleading deficiencies. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d. 305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). Accordingly, Plaintiff Janet Velez Contreras' claims against Defendants CMI and MERS are **DISMISSED WITH PREJUDICE**:

**SO ORDERED.**

**Dated: March 5, 2015.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-10-